**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CHARLES LAWRENCE PEARCE,**
**Petitioner,**

**v.** **Civil Action No.: 3:19-CV-144 (GROH)**

**ADAMS, Warden,**
**Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On September 5, 2019, Petitioner, an inmate at Hazelton USP, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction, Sentence and Appeal

Petitioner escaped from a correctional institution in McAlester, Oklahoma on February 21, 1991. U.S. v. Pearce, 967 F.2d 434 (10th Cir. 1992). After his escape, he "kidnapped a fifty-seven-year-old woman by holding a sharp object against her neck and forcing the woman into her car." Id. After the abduction, Petitioner sexually assaulted the woman. Id. On October 2, 1991, in the Eastern District of Oklahoma, case number 6:91-

[1] ECF Numbers cited herein refer to case number 3:19-CV-144 unless otherwise noted.

CR-9, Petitioner entered a guilty plea to one count of kidnapping in violation of 18 U.S.C. § 1201. Id., E.D.Ok. 6:91-CR-9, ECF No. 24. At sentencing, the district court "adjusted the defendant's offense level upward by two levels, under § 3A1.1 of the United States Sentencing Guidelines [ ] due to the unusual vulnerability of the victim." 967 F.2d at 434–35. In its decision issued June 18, 1992, the Tenth Circuit declined to "overturn a district court's determination that the victim of a crime was 'unusually vulnerable' under the Sentencing Guidelines unless the court's decision was clearly erroneous." Id. at 435. The Court concluded that "an upward adjustment under § 3A1.1 to the defendant's sentence for violating 18 U.S.C. § 1201 is warranted," and affirmed the district court. Id. The United States Supreme Court denied certiorari on October 13, 1992. Pearce v. United States, 113 S.Ct. 341 (1992).

**B. Other Attempts to Obtain Post Conviction Relief**

On June 4, 2018, Petitioner filed a motion to receive free copies of trial transcripts, in an attempt to claim that the sentencing court improperly gave him a two-level upward adjustment to his base offense level for a "vulnerable victim" as defined by the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). E.D.Ok. 6:91-CR-9, ECF No. 38 at 3. On September 20, 2018, Petitioner filed a motion to unseal transcripts and other documents in the case. E.D.Ok. 6:91-CR-9, ECF No. 39. The district court denied both motions by order entered October 2, 2018. E.D.Ok. 6:91-CR-9, ECF No. 40.

On June 3, 2019, the Tenth Circuit Court of Appeals, in that Court's docket number 18-7052, affirmed the district court's denial of Petitioner's motions, noting that "[n]early twenty-seven years [post-conviction], he seeks to challenge the factual basis for the enhancement." E.D.Ok. 6:91-CR-9, ECF No. 47. The Court reasoned that:

> Pearce's conviction became "final" within the meaning of 28 U.S.C. § 2255(f)(1) nearly twenty-seven years ago, see Pearce v. United States, 506 U.S. 922 (1992), and thus any § 2255 motion is far outside the one-year statute of limitations. Additionally, aside from making generalized statements and citing non-binding precedent, Pearce has not presented any additional facts or legal authority that would make his motion timely under § 2255(f)(2)–(4). Accordingly, he has not shown that his suit is not frivolous.

Id. at 3.

**C. Instant Petition for Habeas Corpus Under § 2241**

Petitioner filed the instant petition for habeas corpus on September 5, 2019, challenging the application of the "vulnerable victim" guideline sentence imposed in the Eastern District of Oklahoma. ECF No. 1. Petitioner asserts that he raises two claims for relief, however, the second claim simply reads "See attached Memorandum of Law", and Petitioner failed to file any memorandum of law. Id. at 6. Petitioner's main contention is that there was insufficient evidence to support the vulnerable victim finding under § 3A1.1 of the Guidelines. Id. at 5.

**LEGAL STANDARD**

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply

these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation

bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Nearly twenty-seven years after his conviction became final, Petitioner seeks to challenge his sentence, not under § 2255, but through § 2241. However, Petitioner does not allege that he meets any of the four requirements to demonstrate his claim should be

considered under § 2241. For such relief to be merited under § 2241, Petitioner must prove that: (1) his sentence was legal at the time it was imposed; (2) since that time there was a substantive change in the law which was made retroactive upon collateral review; (3) he cannot meet the gatekeeping provisions of § 2255(h)(2); and (4) as a result, his sentence is now fundamentally defective. Petitioner cannot meet all four prongs of the Wheeler test, and has failed to allege that he meets any. Accordingly, his claim herein does not meet the requirements of Wheeler, he does not satisfy the savings clause, and his request for relief under § 2241 fails.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).[5]

## RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**. I further **RECOMMEND** that Petitioner's Motion for leave to proceed without prepayment of fees [ECF No. 2] be **TERMINATED as moot**.

[5] Additionally, Petitioner has previously unsuccessfully sought to challenge his sentence based on the upward deviation from the Guidelines under § 3A1.1 because the victim of his crime was determined to be a vulnerable victim. There, just two months before the filing of the instant petition, the United States Court of Appeals for the Tenth Circuit determined that any attempt to challenge his sentence through a § 2255 motion is "far outside the one-year statute of limitations." Petitioner's challenge to his sentence is untimely under the AEDPA one-year statute of limitations. Petitioner's sentence was determined to be final fourteen days after the Supreme Court denied his petition for certiorari on October 13, 1992. Thus, Petitioner would have had to challenge his sentence not later than October 27, 1992. Accordingly, the instant claim falls far outside the one-year statute of limitations.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** September 10, 2019

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE